IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **LEONARDO REZNICK,** | § | **CASE NO. 04-32234-H5-7** |
| | § | **CHAPTER 7** |
| Debtor. | § | |

**ORDER GRANTING TRUSTEE'S APPLICATION TO COMPROMISE
CONTROVERSY WITH PONTE AND MARTIN DEFENDANTS**

The Court has considered the Trustee's Application to Compromise Controversy with

Paul Ponte ("Ponte"), Maureen Maguire ("Maguire"), Henry V. Martin, Jr. ("Martin"), and R&J

Realty Trust ("R&J") (collectively, the "Defendants") (the "Trustee's Application") filed by Ben

B. Floyd, Trustee of the bankruptcy estate of Leonardo Reznick (the "Trustee"). The Court, after

considering the Trustee's Application, has determined that the compromise set forth in the

Trustee's Application and the Compromise Settlement Agreement attached hereto as Exhibit "1"

(the "Compromise Settlement Agreement") is in the best interest of the estate, creditors and all

parties in interest, and therefore should be approved; it is therefore

ORDERED, ADJUDGED AND DECREED that:

1.      The Trustee's Application is in all things approved;

2.      The compromise set forth in the Trustee's Application and the Compromise

Settlement Agreement is hereby approved and authorized; and

3.     The Defendants and the Trustee are each authorized and directed to execute all such instruments and to take all such other action as is necessary and appropriate to consummate and evidence the compromise approved hereby, including without limitation the execution and delivery of those documents attached as exhibits to the Compromise Settlement Agreement.

SIGNED this _____.


_____
THE HONORABLE KAREN K. BROWN
UNITED STATES BANKRUPTCY JUDGE

2

## COMPROMISE SETTLEMENT AGREEMENT

**PARTIES:**

This Compromise Settlement Agreement (the "Agreement") is entered into by and between the following parties:

1.    Ben B. Floyd, the duly appointed, qualified and acting trustee of the Chapter 7 bankruptcy estate of Leonardo Reznick (the "Trustee");

2.    Paul Ponte, a resident of the State of Florida ("Ponte");

3.    Maureen Maguire, a resident of the State of Massachusetts ("Maguire");

4.    Henry V. Martin, Jr., a resident of the State of Massachusetts ("Martin"); and

5.    R&J Realty Trust, a trust organized under the laws of the State of Massachusetts ("R&J").

**RECITALS:**

6.    On February 9, 2004, an involuntary petition under Chapter 7 of the United States Bankruptcy Code was filed against Leonardo Reznick (the "Debtor") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court"). An order for relief was entered on April 14, 2004. On April 16, 2004, the Trustee was appointed Trustee, and, having since accepted his appointment and posted the requisite bond, is now the acting Chapter 7 Trustee of the Debtor's bankruptcy estate.

7.    On August 20, 2004, the Trustee filed a complaint as Adversary No. 04-03646 against Ponte for failure to pay a promissory note dated November 1, 1989, signed by Ponte payable to the Debtor, which Ponte and the Debtor assert was executed as part of the commercial business transactions between them. The reference to the Bankruptcy Court was withdrawn on Ponte's motion, and this adversary proceeding was assigned Civil Action No. 4:05-cv-00512 (the

"Promissory Note Case") in the United States District Court for the Southern District of Texas, Houston Division (the "District Court").

8.    On April 13, 2006, the Trustee filed a complaint as Adversary No. 06-03341 (the "Martin Adversary") against Martin and R&J. On November 17, 2006, the Trustee was granted leave to amend his complaint in the Martin Adversary to add Ponte and Maguire as defendants. In the Martin Adversary, the Trustee sought recovery based on avoidable transfers under section 549 of the Bankruptcy Code, turnover under section 542 of the Bankruptcy Code, breach of contract, conversion and negligence.

9.    During the course of investigating the financial affairs of the Debtor, it was discovered that Ponte had executed and delivered to the Debtor a promissory note in the amount of $1 million, dated November 1, 1989 (the "Note"). Investigation by counsel for the Trustee reflects potential claims against Ponte for failure to pay the Note in the amount of $2,144,520.55 through January 31, 2005, plus per diem interest of $205.48. Ponte disputes the Trustee's allegations, and claims that the Note had been assigned by the Debtor to the Debtor's mother more than fourteen years before the bankruptcy petition was filed; and that he is entitled to certain credits on the Note.

10.    During the course of investigating the financial affairs of the Debtor, it was discovered that R&J had executed a promissory note in the amount of $90,000.00 payable to the Debtor, secured by a mortgage on property in Massachusetts (the "R&J mortgage and note"). Investigation by counsel for the Trustee reflects that the Debtor assigned the R&J mortgage and note to Martin as collateral to persuade Martin to redesign and reserve Martin's fabrication facility for the manufacture of buses for the Debtor. Martin agreed to release the collateral in the event the Debtor's bus manufacturing plans did not come to fruition, which they did not.

Investigation also reflects that R&J refinanced the debt it owed the Debtor, but paid the balance owed to the Debtor to Maguire for the benefit of Ponte. Investigation also reflects that, after the commencement of the bankruptcy proceeding, and without approval of the bankruptcy court, Martin discharged the R&J mortgage and released the note, rather than releasing the collateral back to the Debtor. Investigation by counsel for the Trustee reflects potential claims against Maguire, Ponte, Martin, and R&J jointly and severally, for avoidable post-petition transfers under 11 U.S.C. §549, turnover under 11 U.S.C. §542, conversion, breach of contract and negligence in the amount of $90,000. Ponte, Maguire, Martin and R&J dispute the Trustee's allegations.

11.     Without admitting liability, and after extensive negotiation, the Trustee on the one hand and Ponte, Maguire, Martin and R&J (collectively the "Defendants") on the other hand wish to settle all controversies between them relative to the Note, the alleged avoidable transfers, the Promissory Note Case, the Martin Adversary, and any claims of the Defendants against the Debtor's bankruptcy estate, subject to Court approval, upon the terms and conditions set forth herein.

12.     Now, therefore, the parties hereto agree as follows:

TERMS OF SETTLEMENT:

13.     <u>Cash Payments</u>.

(i)     At the Closing (defined below), Ponte will pay or cause to be paid the sum of $100,000 to the Trustee for the benefit of the bankruptcy estate (the "Down Payment").

(ii)     Ponte will pay or cause to be paid to the Trustee the sum of $300,000 in fifty monthly installments of $6,000 each (collectively the "Installment Payments"). The first installment will be due on the fifteenth (15th) day

of the month following Closing, with a like payment due on the same day of each month thereafter. Ponte will have a ten-day grace period after the due date of each Installment Payment (the "Grace Period"), such that any payment received by the Trustee during the Grace Period shall be considered timely made.

14.   Agreed Judgment.

(i)     Simultaneous with the execution of this Agreement, Ponte shall execute and deliver to the Trustee an agreed judgment in the amount of $1,200,000.00, in substantially the form attached as Exhibit "A" (the "Agreed Judgment").

(ii)    The Agreed Judgment will be held by counsel for the Trustee under the terms of this Agreement.

(iii)   If Ponte timely makes the Down Payment and all Installment Payments, the Trustee will, on the first business day following receipt of the final Installment Payment, return the Agreed Judgment to counsel for Ponte. If Ponte fails to timely make the Down Payment or any Installment Payment, the Trustee will submit, on the eleventh calendar day following the date payment was due but not received, the Agreed Judgment to the District Court for entry as an agreed judgment in the Promissory Note Case.

15.   Release. At the Closing, Defendants on the one hand and the Trustee on the other hand shall execute and deliver to each other a general mutual release in substantially the form attached as Exhibit "B". The release shall mutually release the Defendants on one hand and the Trustee and the estate on the other hand from any and all claims or causes of action arising from

or relating to the Note, the alleged avoidable transfers, the Promissory Note Case, the Martin Adversary, and any claims of Defendants against the bankruptcy estate.

16. <u>Stipulation of Dismissal of Martin Adversary</u>. At the Closing, counsel for the Trustee and Defendants shall execute a voluntary stipulation of dismissal with prejudice of the claims against Defendants in the Martin Adversary, in substantially the form attached as Exhibit "C". The stipulation will be filed in the Martin Adversary by counsel for the Trustee the next business day after Closing.

17. <u>Stipulation of Dismissal of Promissory Note Case</u>. At the Closing, counsel for the Trustee and Ponte shall execute a voluntary stipulation of dismissal with prejudice of the claims against Ponte in the Promissory Note Case, in substantially the form attached as Exhibit "D". The stipulation will be filed in the Promissory Note Case by counsel for the Trustee the next business day after receipt of good funds for the final Installment Payment.

18. <u>Application to Compromise</u>. The Trustee will file an application for authority to compromise controversy (the "Trustee's Application") with the Bankruptcy Court in Case No. 04-32234-H5-7. All parties shall cooperate and use their best good faith efforts to secure prompt review and approval of the Trustee's Application, and shall take no efforts to delay, hinder or frustrate approval and effectuation of the compromise.

19. <u>Bankruptcy Court Approval</u>. The efficacy of this Agreement shall be expressly conditioned upon approval of the Trustee's Application.

20. <u>Closing</u>. Closing shall be at the offices of Munsch Hardt Kopf & Harr, P.C. on a date and at a time mutually agreeable to all parties; but failing mutual agreement, at 10:00 a.m. on the eleventh (11th) day after entry of the Bankruptcy Court's order approving the Trustee's Application. Provided, however, that if such day is a Saturday, Sunday or legal holiday, as

defined in Fed. R. Bankr. P. 9006, the Closing shall take place at 10:00 a.m. on the next day which is not a Saturday, Sunday or legal holiday.

21.    Financial Information.    Ponte has provided the Trustee a sworn affidavit of financial condition and other financial records and documents to demonstrate Ponte's inability to respond to a money judgment in the amount alleged by the Trustee to be owed on the Note. Such financial information will be made available by the Trustee to any party-in-interest (including the Court) who requests it in connection with evaluating whether to approve or oppose this agreement and the compromise between the parties.

22.    Ownership of Claims.    Each party represents and warrants that, as to him, her or it, this Agreement is a valid and legally binding agreement, and that he, she or it is the owner of all claims to be released and settled by this Agreement and the releases.

23.    Governing Law.    This Agreement shall be governed by and construed according to the laws of the State of Texas and the United States Bankruptcy Code.

24.    Multiple Counterparts.    This Agreement shall be executed in multiple counterparts, each of which shall be deemed an original for all purposes.

25.    Binding Effect.    This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, representatives, successors, assigns, agents, partners, attorneys, officers and employees.

26.    No Admission of Liability.    All parties expressly acknowledge that all claims and demands between or among them are contested, and that this Agreement has been executed as a compromise to buy their peace. All parties expressly deny any liability to the others and the execution and delivery of this Agreement and the effectuation of its provisions shall not constitute nor be construed as an admission of liability on the part of any party.

27.    Entire Agreement; Amendments.  This Agreement and the Exhibits hereto contain the entire agreement between the parties with respect to the subject matter hereof, and supersede all other agreements, written or oral, between or among the parties with respect to such subject matter.  There are no agreements, promises, representations or warranties made by any party other than those set forth in this Agreement and the Exhibits attached hereto.  The terms of the Agreement shall not be waived, changed, modified, extended, discharged or amended except by written instrument, specifying that it amends this Agreement, signed by the party against whom the enforcement of any such waiver, change, modification, extension, discharge or amendment is sought.

28.    Non-Frustration.  All parties shall execute all such documents and take all such actions as may be necessary to effect the consummation of the settlement and transactions contemplated by this Agreement.  Each party agrees to take no action to hinder, delay, frustrate or avoid the consummation of the settlement and transactions contemplated by this Agreement.

29.    Notices.  All notices required or permitted to be given pursuant to the terms of this Agreement shall be given by certified mail, return receipt requested OR by courier delivery OR by telecopier transmission accompanied by U.S. mail, postage prepaid, to the following at the addresses set forth below or at such other address as any party may designate in writing:

If to the Trustee:

Ben B. Floyd, Trustee
c/o Munsch Hardt Kopf & Harr, P.C.
Attn:  Rhonda Chandler
700 Louisiana, Suite 4600
Houston, Texas  77002
Telecopier No. 713-222-1475

If to any of the Defendants except R&J:

> Name of Defendant
> c/o Scott Camp
> Hughes, Watters & Askanase, L.L.P.
> Three Allen Center
> 333 Clay, 29th Floor
> Houston, TX  77002
> Telecopier No. 713-759-6834

If to R&J:

> R&J Realty Trust
> c/o Elizabeth Freeman
> 3400 JP Morgan Chase Tower
> 600 Travis Street
> Houston, Texas  77002
> Telecopier No. 713-229-2694

IN WITNESS WHEREOF, the parties have signed this Agreement on the date set forth beside their respective names.

DATE:___2.23.07_____

_____
BEN B. FLOYD, TRUSTEE OF
THE BANKRUPTCY ESTATE OF
LEONARDO REZNICK,
and not in his individual capacity


DATE:_____

_____
PAUL PONTE


DATE:_____

_____
MAUREEN MAGUIRE


DATE:_____

_____
HENRY V. MARTIN, JR.


R & J REALTY TRUST

DATE:_____

By:   _____
      Name: _____
      Title:  Trustee

If to any of the Defendants except R&J:

        Name of Defendant
        c/o Scott Camp
        Hughes, Watters & Askanase, L.L.P.
        Three Allen Center
        333 Clay, 29th Floor
        Houston, TX  77002
        Telecopier No. 713-759-6834

If to R&J:
        R&J Realty Trust
        c/o Elizabeth Freeman
        3400 JP Morgan Chase Tower
        600 Travis Street
        Houston, Texas  77002
        Telecopier No. 713-229-2694

    IN WITNESS WHEREOF, the parties have signed this Agreement on the date set forth

beside their respective names.

DATE:_____

                    BEN B. FLOYD, TRUSTEE OF
                    THE BANKRUPTCY ESTATE OF
                    LEONARDO REZNICK,
                    and not in his individual capacity

DATE:__3/13/07_____

                    PAUL PONTE

DATE:__3/13/07_____

                    MAUREEN MAGUIRE

DATE:__3/12/07_____

                    HENRY V. MARTIN, JR.

                    R & J REALTY TRUST

DATE:_____

                    By: _____
                        Name: _____
                        Title:  Trustee

If to any of the Defendants except R&J:

        Name of Defendant
        c/o Scott Camp
        Hughes, Watters & Askanase, L.L.P.
        Three Allen Center
        333 Clay, 29th Floor
        Houston, TX  77002
        Telecopier No. 713-759-6834

If to R&J:

        R&J Realty Trust
        c/o Elizabeth Freeman
        3400 JP Morgan Chase Tower
        600 Travis Street
        Houston, Texas  77002
        Telecopier No. 713-229-2694

     IN WITNESS WHEREOF, the parties have signed this Agreement on the date set forth

beside their respective names.

DATE:_____

                  _____
                  BEN B. FLOYD, TRUSTEE OF
                  THE BANKRUPTCY ESTATE OF
                  LEONARDO REZNICK,
                  and not in his individual capacity

DATE:_____

                  _____
                  PAUL PONTE

DATE:_____

                  _____
                  MAUREEN MAGUIRE

DATE:_____

                  _____
                  HENRY V. MARTIN, JR.

                  R & J REALTY TRUST

DATE:  3 - 13 - 07

                  By: _Jacqueline Nicol_
                  Name:  JACQUELINE   NICOL
                  Title:  Trustee

                                Page 8 of 10

STATE OF TEXAS                §

COUNTY OF HARRIS         §

BEFORE ME, the undersigned authority, personally appeared Ben B. Floyd, chapter 7 trustee of the bankruptcy estate of Leonardo Reznick, who being by me duly sworn did state on oath that he is the chapter 7 trustee of the bankruptcy estate of Leonardo Reznick, and that he executed the foregoing Compromise Settlement Agreement in his capacity as trustee, as the act and deed of said bankruptcy estate and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this ___23rd___ day of February, 2007.

```
LISA SLATER
MY COMMISSION EXPIRES
January 16, 2010
```

_____
Notary Public, State of Texas

STATE OF MASSACHUSETTS     §

COUNTY OF _____          §

BEFORE ME, the undersigned authority, personally appeared Paul Ponte, who being by me duly sworn did state on oath that he executed the foregoing Compromise Settlement Agreement for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this _____ day of February, 2007.

_____
Notary Public, State of Massachusetts

STATE OF MASSACHUSETTS     §

COUNTY OF _____          §

BEFORE ME, the undersigned authority, personally appeared Maureen Maguire, who being by me duly sworn did state on oath that she executed the foregoing Compromise Settlement Agreement for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this _____ day of February, 2007.

_____
Notary Public, State of Massachusetts

Houston 1030604_3 9091.259

STATE OF TEXAS           §

COUNTY OF HARRIS         §

BEFORE ME, the undersigned authority, personally appeared Ben B. Floyd, chapter 7 trustee of the bankruptcy estate of Leonardo Reznick, who being by me duly sworn did state on oath that he is the chapter 7 trustee of the bankruptcy estate of Leonardo Reznick, and that he executed the foregoing Compromise Settlement Agreement in his capacity as trustee, as the act and deed of said bankruptcy estate and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this _____ day of February, 2007.

_____
Notary Public, State of Texas


STATE OF MASSACHUSETTS     §

COUNTY OF _Bristol_        §

BEFORE ME, the undersigned authority, personally appeared Paul Ponte, who being by me duly sworn did state on oath that he executed the foregoing Compromise Settlement Agreement for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this _10th_ day of ~~February~~, *March* 2007.

_____
Notary Public, State of Massachusetts


STATE OF MASSACHUSETTS     §

COUNTY OF _Bristol_        §

BEFORE ME, the undersigned authority, personally appeared Maureen Maguire, who being by me duly sworn did state on oath that she executed the foregoing Compromise Settlement Agreement for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this _13th_ day of ~~February~~, *March* 2007.

_____
Notary Public, State of Massachusetts

Houston 1030604_3 9091.259

STATE OF _Massachusetts_ §

COUNTY OF _Bristol_    §

      BEFORE ME, the undersigned authority, personally appeared Henry V. Martin, Jr., who being by me duly sworn did state on oath that he executed the foregoing Compromise Settlement Agreement for the purposes and consideration therein expressed.

      GIVEN UNDER MY HAND AND SEAL OF OFFICE this ___10th___ day of ~~February~~, _March_ 2007.

                                                       _____
                                                       Notary Public, State of Massachusetts
                                                       _Roger Stanford_

STATE OF MASSACHUSETTS    §

COUNTY OF _____    §

      BEFORE ME, the undersigned authority, personally appeared _____, trustee of R&J Realty Trust, a trust organized under the laws of the State of Massachusetts, who being by me duly sworn did state on oath that he/she is the trustee of R&J Realty Trust, and that he/she executed the foregoing Compromise Settlement Agreement in his/her capacity as trustee, as the act and deed of said trust and for the purposes and consideration therein expressed.

      GIVEN UNDER MY HAND AND SEAL OF OFFICE this _____ day of February, 2007.

                                                         _____
                                                       Notary Public, State of Massachusetts

STATE OF _____    §

COUNTY OF_____    §

  BEFORE ME, the undersigned authority, personally appeared Henry V. Martin, Jr., who being by me duly sworn did state on oath that he executed the foregoing Compromise Settlement Agreement for the purposes and consideration therein expressed.

  GIVEN UNDER MY HAND AND SEAL OF OFFICE this _____ day of February, 2007.

         _____
         Notary Public, State of Massachusetts

STATE OF MASSACHUSETTS    §

COUNTY OF _B̲R̲I̲S̲T̲O̲L̲_    §

  BEFORE ME, the undersigned authority, personally appeared *Jacqueline McLu*, trustee of R&J Realty Trust, a trust organized under the laws of the State of Massachusetts, who being by me duly sworn did state on oath that he/she is the trustee of R&J Realty Trust, and that he/she executed the foregoing Compromise Settlement Agreement in his/her capacity as trustee, as the act and deed of said trust and for the purposes and consideration therein expressed.

  GIVEN UNDER MY HAND AND SEAL OF OFFICE this _1̲3̲th̲_ day of February, 2007.

         _____
         Notary Public, State of Massachusetts

Houston 1030604_3 9091.259

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

BEN B. FLOYD, TRUSTEE        §
                             §
V.                           §        CIVIL ACTION 4:05-CV-00512
                             §
PAUL PONTE                   §

### AGREED FINAL JUDGMENT

Consistent with the Compromise Settlement Agreement (the "Settlement Agreement") between Ben B. Floyd, Chapter 7 Trustee of the bankruptcy estate of Leonardo Reznick (the "Trustee") and, *inter alia,* Paul Ponte ("Ponte"), the court enters this Agreed Final Judgment in this case based on the promissory note dated November 1, 1989, signed by Ponte payable to the Debtor Leonardo Reznick. It is

ORDERED, ADJUDGED and DECREED that the Trustee have judgment against and recover from Ponte the sum of One Million Two Hundred Thousand Dollars ($1,200,000.00), plus post-judgment interest at the rate allowed by law, and taxable costs, but less any payments made by or on behalf of Ponte under the terms of the Settlement Agreement. It is further

ORDERED, ADJUDGED and DECREED that all other relief not expressly granted is denied.

This judgment disposes of all parties and claims, and is a final judgment.

DATED: _____.


_____
Hon. Lynn N. Hughes
U.S. District Judge


EXHIBIT A

APPROVED AND ENTRY REQUESTED:

MUNSCH HARDT KOPF & HARR, P.C.


By:_____
        Rhonda R. Chandler
        State Bar No. 04101600
        700 Louisiana, Suite 4600
        Houston, Texas  77002
        Tel:    713-222-1470
        Fax:    713-222-1475
        Email: rchandler@munsch.com

ATTORNEYS FOR TRUSTEE


HUGHES, WATTERS & ASKANASE, L.L.P.


By:      _____
        Scott Camp
        Three Allen Center
        333 Clay, 29th Floor
        Houston, TX  77002
        Tel:  713-759-0818
        Fax:  713-759-6834
        Email: sgc@hwallp.com

ATTORNEY FOR PAUL PONTE


        _____
        PAUL PONTE


2

**RELEASE**

STATE OF TEXAS      §

COUNTY OF HARRIS      §

     **WHEREAS**, this Release (hereinafter referred to as this "Release") is executed by each of the following parties, separately and severally, pursuant to Paragraph __ of that certain Compromise Settlement Agreement (the "Settlement Agreement") executed by and between the following parties:

     a.      Ben B. Floyd, Trustee of the bankruptcy estate of Leonardo Reznick ("Trustee");

     b.      Paul Ponte, a resident of the State of Florida ("Ponte");

     c.      Maureen Maguire, a resident of the State of Massachusetts ("Maguire");

     d.      Henry V. Martin, Jr., a resident of the State of Massachusetts ("Martin"); and

     e.      R&J Realty Trust, as trust organized under the laws of the State of Massachusetts ("R&J").

     Ponte, Maguire, Martin and R&J are collectively the "Defendants". The Trustee and the Defendants, together with their respective assigns, sureties, legal representatives, subrogees, trustees, guardians, successors-in-interest, predecessors-in-interest and any other person or entity who hereafter asserts any claim, right, or cause of action through or on behalf of any of the foregoing, are hereinafter referred to as "Releasing Parties";

     **WHEREAS**, this Release is a general release relative to all causes of action that have been brought or that could have been brought by the Releasing Parties arising from or relating to (i) that certain promissory note made by Ponte payable to Leonardo Reznick (the "Debtor") in the amount of $1 million dated November 1, 1989, which Ponte and the Debtor assert was executed as part of the commercial business transactions between them (the "Note"); (ii) certain transactions and payments to the Defendants which are alleged by the Trustee to be avoidable



pursuant to 11 U.S.C. §549 and 550, subject to turnover under 11 U.S.C. §542, a breach of contract, conversion and negligence; and (iii) the Debtor's bankruptcy estate;

**WHEREAS,** to the extent that any applicable statute, precedent, or other legislative or judicial policy or pronouncement does or could otherwise preserve in favor of the Releasing Parties any right to assert any claim or cause of action that exists regarding the Released Claims (hereinafter defined) but is unknown to such party at the time this instrument is executed, the Releasing Parties expressly, knowingly and voluntarily waive and relinquish any such right;

**WHEREAS**, on February 9, 2004, an involuntary petition under Chapter 7 of the United States Bankruptcy Code was filed against the Debtor in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court"); an order for relief was entered on April 14, 2004; and on April 16, 2004, the Trustee was appointed Trustee, and, having since accepted his appointment and posted the requisite bond, is now the acting Chapter 7 Trustee of the Debtor's bankruptcy estate;

**WHEREAS**, on August 20, 2004, the Trustee filed a complaint as Adversary No. 04-03646 against Ponte for failure to pay the Note, the reference to the Bankruptcy Court was withdrawn on Ponte's motion, and this adversary proceeding was assigned Civil Action No. 4:05-cv-00512 (the "Promissory Note Case") in the United States District Court for the Southern District of Texas, Houston Division (the "District Court");

**WHEREAS**, on April 13, 2006, the Trustee filed a complaint as Adversary No. 06-03341 (the "Martin Adversary") against Martin and R&J. On November 17, 2006, the Trustee was granted leave to amend his complaint in the Martin Adversary to add Ponte and Maguire as defendants. In the Martin Adversary, the Trustee sought recovery based on avoidable transfers under section 549 of the Bankruptcy Code, turnover under section 542 of the Bankruptcy Code, breach of contract, conversion and negligence;

**WHEREAS,** during the course of investigating the financial affairs of the Debtor, it was discovered that Ponte had executed and delivered the Note to the Debtor; and investigation by counsel for the Trustee reflects potential claims for failure to pay the Note against Ponte in the amount of $2,144,520.55 through January 31, 2005, plus per diem interest of $205.48. Ponte disputes the Trustee's allegations, and claims that the Note had been assigned by the Debtor to the Debtor's mother more than fourteen years before the bankruptcy petition was filed; and that he is entitled to certain credits on the Note;

**WHEREAS,** during the course of investigating the financial affairs of the Debtor, it was discovered that R&J had executed a promissory note in the amount of $90,000.00 payable to the Debtor, and secured by a mortgage on property in Massachusetts (the "R&J mortgage and note"). Investigation by counsel for the Trustee reflects that the Debtor assigned the R&J mortgage and note to Martin as collateral to persuade Martin to redesign and reserve Martin's fabrication facility for the manufacture of buses for the Debtor. Martin agreed to release the collateral in the event the Debtor's bus manufacturing plans did not come to fruition, which they did not. Investigation also reflects that R&J refinanced the debt it owed the Debtor, but paid the balance owed to the Debtor to Maguire for the benefit of Ponte. Investigation also reflects that, after the commencement of the bankruptcy proceeding, and without approval of the bankruptcy court, Martin discharged the R&J mortgage and released the note, rather than releasing the collateral back to the Debtor. Investigation by counsel for the Trustee reflects potential claims against Maguire, Ponte, Martin and R&J, jointly and severally for avoidable post-petition transfers under 11 U.S.C. §549, turnover under 11 U.S.C. §542, conversion, breach of contract and negligence in the amount of $90,000. Ponte, Maguire, Martin and R&J dispute the Trustee's allegations;

**WHEREAS,** on _____, the Bankruptcy Court approved the Settlement Agreement;

**WHEREAS,** the Settlement Agreement sets forth the terms of the settlement reached between and among the Releasing Parties, which settlement provides, *inter alia*, for the Releasing Parties to execute this Release;

**WHEREAS,** the Releasing Parties recognize and appreciate the uncertainties and expense involved in the prosecution and defense of any claims which may be brought against the other relating to the Note, the alleged avoidable transfers, the Promissory Note Case, the Martin Adversary, and the Debtor's bankruptcy estate;

**WHEREAS,** the Releasing Parties and each of them, jointly, separately, and severally desire to settle all matters between or among them arising from or relating to the Note, the alleged avoidable transfers, the Promissory Note Case, the Martin Adversary, and the Debtor's bankruptcy estate;

**NOW, THEREFORE,** for and in consideration of the settlement by the Releasing Parties as set forth in the Settlement Agreement, and other good and valuable consideration, the receipt, adequacy and sufficiency of which are hereby acknowledged and confessed, the Releasing Parties hereby agree as follows:

1.      Each of the foregoing recitals is incorporated in this Release as a material term and condition.  Notwithstanding anything to the contrary in this Release, **THIS RELEASE SHALL NOT DISCHARGE OR OTHERWISE AFFECT THE OBLIGATIONS OF THE RELEASING PARTIES TO PERFORM FULLY AND COMPLETELY ALL OBLIGATIONS UNDER THE SETTLEMENT AGREEMENT.**

2.      The Releasing Parties do hereby compromise, settle, fully release and forever discharge each other, and their respective successors, predecessors, heirs, employees, agents, attorneys, assigns, representatives, shareholders, officers, directors, partners, parents, subsidiaries or affiliated companies, and sureties from any and all past, present, or future claims, demands,

actions, causes of action, costs, judgments, expenses, attorney's fees, damages, and all liabilities whatsoever, at law or in equity, whether known or unknown which the Releasing Parties now have, claim to have, have ever had, or would but for this Release, have had in the future arising from, related to or on account of the Note, the alleged avoidable transfers, the Promissory Note Case, the Martin Adversary, and the Debtor's bankruptcy estate, **SAVE AND EXCEPT ANY CAUSE OF ACTION OR CLAIM BASED ON A RELEASING PARTY'S BREACH OF ANY TERM OF THE SETTLEMENT AGREEMENT** (hereinafter, individually and collectively, the "Released Claims").

      3.     As a part of the consideration for the Settlement Agreement and this Release, by executing this Release, each Releasing Party expressly warrants and represents for himself, herself, itself, and each of their respective assigns, heirs, sureties, legal representatives, subrogees, trustees, guardians, successors-in-interest, and any other person or entity who hereafter asserts any claim, right, or cause of action through or on behalf of any of the foregoing, to each other that: (i) such Releasing Party is legally competent to execute this Release; and (ii) such Releasing Party has not assigned, pledged, or otherwise in any manner whatsoever sold or transferred, either by instrument in writing or otherwise, any right, title, or interest in any Released Claim.

      4.     It is also expressly agreed that as part of the consideration for the Settlement Agreement and this Release that each Releasing Party agrees that in the event he, she or it joins in, in any manner brings, or in any manner assists directly or indirectly in bringing an action against the other arising out of, based upon, or relating to any Released Claim, then the Releasing Party joining in, bringing, or assisting in bringing, such a separate action will indemnify and hold forever harmless the other from any and all claims, liabilities, demands, costs, and expenses, including reasonable attorneys' fees, incurred as a result thereof.

5.      Each Releasing Party understands and agrees that this Release and performance hereunder are in compromise of disputed claims.   Each Releasing Party understands, acknowledges, and agrees that this Release is not evidence of, nor an admission of, any liability or wrongdoing whatsoever.  Each Releasing Party further understands, acknowledges, and agrees that all such claims are expressly contested, disputed, and denied.

6.      Each Releasing Party expressly warrants and represents that before executing this Release, each Releasing Party has fully informed himself, herself or itself of all the terms, contents, conditions and effects of this Release, and that in making the settlement, no oral or written promise or representation of any kind has been made to him, her or it by any other Releasing Party, or anyone acting for any of them, except as expressly stated herein.   The Settlement Agreement and this Release comprise the entire agreement, oral and written, between and among the Releasing Parties with regard to the subject matter of this Release.  This Release may not be amended in any respect except by a writing duly executed by the party sought to be charged with such amendment.  Each Releasing Party has relied solely and completely upon his, her or its judgment and the advice of his, her or its attorney.

7.      This Release shall be construed in accordance with the laws of the State of Texas and the United States Bankruptcy Code.

8.      If any provision of this Release or any portion of any provision of this Release is at any time deemed or declared void, voidable, or unenforceable, then such provision or portion of such provision is severable from the remainder of the Release, and the remainder of this Release shall be enforced fully.

9.      Each Releasing Party recognizes that should any action or other proceeding be brought to enforce this Release, the party seeking enforcement of this Release shall, if he, she or

it prevails, be entitled to recover reasonable attorneys' fees and other expenses incurred in connection with such action or proceeding.

      10.    EACH RELEASING PARTY ACKNOWLEDGES THAT HE, SHE OR IT HAS READ THIS RELEASE IN ITS ENTIRETY AND THAT HE, SHE OR IT UNDERSTANDS AND APPRECIATES ITS CONTENTS AND SIGNIFICANCE AND HEREBY EXECUTES THE SAME AND MAKES THE RELEASE PROVIDED FOR VOLUNTARILY AND OF HIS, HER OR ITS OWN FREE WILL, HAVING FIRST HAD THE OPPORTUNITY TO CONSULT WITH COUNSEL.

      IN WITNESS WHEREOF, the Releasing Parties have executed this Release on the date set forth beside their respective names.

DATE:_____         _____

                                                           BEN B. FLOYD, TRUSTEE OF
                                                           THE BANKRUPTCY ESTATE OF
                                                             LEONARDO REZNICK,
                                                             and not in his individual capacity

DATE:_____         _____

                                                             PAUL PONTE

DATE:_____         _____

                                                             MAUREEN MAGUIRE

DATE:_____         _____

                                                             HENRY V. MARTIN, JR.

                                                             R & J REALTY TRUST

DATE:_____         By:      _____

                                                                    Name: _____
                                                                    Title:  Trustee

STATE OF TEXAS                     §

COUNTY OF HARRIS            §

  BEFORE ME, the undersigned authority, personally appeared Ben B. Floyd, chapter 7 trustee of the bankruptcy estate of Leonardo Reznick, who being by me duly sworn did state on oath that he is the chapter 7 trustee of the bankruptcy estate of Leonardo Reznick, and that he executed the foregoing Release in his capacity as trustee, as the act and deed of said bankruptcy estate and for the purposes and consideration therein expressed.

  GIVEN UNDER MY HAND AND SEAL OF OFFICE this _____ day of _____, 2007.

          _____

          Notary Public, State of Texas


STATE OF MASSACHUSETTS      §

COUNTY OF _____          §

  BEFORE ME, the undersigned authority, personally appeared Paul Ponte, who being by me duly sworn did state on oath that he executed the foregoing Release for the purposes and consideration therein expressed.

  GIVEN UNDER MY HAND AND SEAL OF OFFICE this _____ day of _____, 2007.

          _____

          Notary Public, State of Massachusetts


STATE OF MASSACHUSETTS      §

COUNTY OF _____          §

  BEFORE ME, the undersigned authority, personally appeared Maureen Maguire, who being by me duly sworn did state on oath that she executed the foregoing Release for the purposes and consideration therein expressed.

  GIVEN UNDER MY HAND AND SEAL OF OFFICE this _____ day of _____, 2007.

          _____

          Notary Public, State of Massachusetts

STATE OF MASSACHUSETTS      §

COUNTY OF_____                §

      BEFORE ME, the undersigned authority, personally appeared Henry V. Martin, Jr., who being by me duly sworn did state on oath that he executed the foregoing Release for the purposes and consideration therein expressed.

      GIVEN UNDER MY HAND AND SEAL OF OFFICE this _____ day of _____, 2007.

                    _____

                    Notary Public, State of Massachusetts


STATE OF MASSACHUSETTS      §

COUNTY OF _____               §

      BEFORE ME, the undersigned authority, personally appeared _____, trustee of R&J Realty Trust, a trust organized under the laws of the State of Massachusetts, who being by me duly sworn did state on oath that he/she is the trustee of R&J Realty Trust, and that he/she executed the foregoing Compromise Settlement Agreement in his/her capacity as trustee, as the act and deed of said trust and for the purposes and consideration therein expressed.

      GIVEN UNDER MY HAND AND SEAL OF OFFICE this _____ day of February, 2007.

                    _____

                    Notary Public, State of Massachusetts

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| LEONARDO REZNICK, | § | CASE NO. 04-32234-H5-7 |
| | § | |
|     Debtor. | § | |
| BEN B. FLOYD, TRUSTEE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. 06-03341 |
| | § | |
| HENRY V. MARTIN, JR. and | § | |
| R&J REALTY TRUST, | § | |
| MAUREEN MAGUIRE and | § | |
| PAUL PONTE, | § | |
|     Defendants. | § | |

## STIPULATION OF VOLUNTARY
## DISMISSAL WITH PREJUDICE

Pursuant to Federal Rule of Civil Procedure 41(a)(1), as applicable to this proceeding by

Bankruptcy Rule of Procedure 7041(a)(1), Plaintiff Ben B. Floyd, Trustee and Defendants Paul

Ponte, R&J Realty Trust, Maureen Maguire, and Henry V. Martin, Jr. stipulate as follows:

1.     This case is voluntarily dismissed with prejudice.

2.     Each party will bear the attorneys' fees and costs incurred by him/her/it in this
    case.

DATED this _____ day of _____.

Respectfully submitted,

MUNSCH HARDT KOPF & HARR, P.C.

By:    _____
       RHONDA R. CHANDLER
       State Bar No. 04101600
       700 Louisiana, Suite 4600
       Houston, Texas  77002-2912
       Tel:  713-222-1470
       Fax:  713-222-1475

ATTORNEY FOR TRUSTEE

Houston 1030607_2 9091.259


EXHIBIT C

STANFORD & SCHALL

By:    _____
       ROGER STANFORD
       MA State Bar No. 47660
       100 Eighth Street
       New Bedford, MA  02740-6094
       Tel:  508-994-3393
       Fax:  508-994-2268

ATTORNEYS FOR HENRY V. MARTIN, JR.


LOCKE LIDELL & SAPP, LLP

By:    _____
       ELIZABETH C. FREEMAN
       State Bar No. 24009222
       3400 JP Morgan Chase Tower
       600 Travis Street
       Houston, Texas  77002
       Tel:  713-226-1607
       Fax:  713-229-2694

ATTORNEY FOR R&J REALTY TRUST



       _____
       PAUL PONTE



       _____
       MAUREEN MAGUIRE

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BEN B. FLOYD, TRUSTEE | § | |
| | § | |
| V. | § | CIVIL ACTION 4:05-CV-00512 |
| | § | |
| PAUL PONTE | § | |

### STIPULATION OF VOLUNTARY
### DISMISSAL WITH PREJUDICE

Pursuant to Federal Rule of Civil Procedure 41(a)(1), Plaintiff Ben B. Floyd, Trustee and

Defendant Paul Ponte stipulate as follows:

1.     This case is voluntarily dismissed with prejudice.

2.     Each party will bear the attorneys' fees and costs incurred by him/it in this case.

DATED this _____ day of _____.

Respectfully submitted,

MUNSCH HARDT KOPF & HARR, P.C.

By:     _____
        RHONDA R. CHANDLER
        State Bar No. 04101600
        700 Louisiana, Suite 4600
        Houston, Texas 77002-2912
        Tel: 713-222-1470
        Fax: 713-222-1475

ATTORNEY FOR TRUSTEE

-and-

By:     _____
        Scott Camp
        Hughes, Watters & Askanase, L.L.P.
        Three Allen Center
        333 Clay, 29th Floor
        Houston, TX 77002
        Tel: 713-759-0818
        Fax: 713-759-6834

ATTORNEY FOR PAUL PONTE

EXHIBIT D

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon the following via electronic notice or first class, U.S. Mail, on this _____ day of _____:

Scott Camp
Hughes, Watters & Askanase, L.L.P.
Three Allen Center
333 Clay, 29th Floor
Houston, TX  77002

_____
Rhonda R. Chandler